IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHAMROCK HILLS, LLC, a Kansas limited liability corporation d/b/a SHAMROCK ROOFING AND CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF IOWA;<br>THE IOWA INSURANCE DIVISION;<br>DOUG OMMEN, in his official capacity as Insurance Commissioner of the Iowa Insurance Division; and<br>DAVID SULLIVAN, in his official capacity as Assistant Bureau Chief of the Iowa Insurance Division Market Regulation Bureau.<br><br>Defendants. | Case No. 4:24-cv-340<br><br>COMPLAINT |

Plaintiff, Shamrock Hills, LLC d/b/a Shamrock Roofing and Construction (hereinafter "Shamrock"), by and through its undersigned counsel hereby states and alleges the following as its claims for relief against the State of Iowa, the Iowa Insurance Division (hereinafter "IID"), Doug Ommen, in his official capacity as Insurance Commissioner of the Iowa Insurance Division (hereinafter "Ommen"), and David Sullivan, in his official capacity as Assistant Bureau Chief of the Iowa Insurance Division Market Regulation Bureau (hereinafter "Sullivan") (collectively hereinafter "Defendants"):

## **PARTIES**

1. Shamrock is a Kansas limited liability corporation with its principal place of business in Overland Park, Kansas.

2. Shamrock is registered as a foreign corporation, in good standing in the State of Iowa, and conducts business in Iowa.

3. Shamrock is an Iowa citizen within the meaning and intent of 28 U.S.C. § 1332(c).

4. In addition to Iowa, Shamrock conducts business in the following states: Texas, Colorado, Arkansas, Nebraska, Missouri, South Dakota, Oklahoma, and Kansas.

5. Shamrock, at all times relevant hereto, has been engaged in the business of residential contracting in Iowa, as defined by Iowa Code § 103A.71.

6. The State of Iowa is a state of the United States.

7. The IID is an administrative agency created within Iowa's Department of Commerce, organized under the laws of the State of Iowa, located at 1963 Bell Avenue, Suite 100 Des Moines, Polk County, Iowa 50315.

8. The IID is an Iowa citizen within the meaning and intent of 28 U.S.C. § 1332.

9. Pursuant to Iowa Code Chapter 505, the IID's legislatively prescribed duties include regulating and supervising all the business of insurance conducted in Iowa.

10. Ommen is employed by the State of Iowa as its Insurance Commissioner and is sued in his official capacity as Insurance Commissioner. At all times relevant hereto, Ommen was acting within the scope of his employment as the Insurance Commissioner

11. Ommen, upon information and belief, is a citizen of the State of Iowa within the meaning and intent of 28 U.S.C. § 1332.

12. Pursuant to Iowa Code Chapter 505, as Insurance Commissioner, Ommen is the head of the IID and as its head has general control, supervision, and direction over all insurance business transacted within the State of Iowa and has the power to enforce all the laws of the State of Iowa relating to federal and state insurance business transacted within the State of Iowa.

13. Sullivan, is employed by the State of Iowa as the Assistant Bureau Chief of the IID's Market Regulation Bureau, and, at all times relevant hereto, was acting within the scope of his employment as Assistant Bureau Chief.

14. Sullivan, upon information and belief, is a citizen of the State of Iowa within the meaning and intent of 28 U.S.C. § 1332.

15. As an Assistant Bureau Chief, Sullivan is tasked with investigating consumer complaints and inquiries from the public and conducting investigations to determine whether any persons or entities have violated any provision of the insurance codes, statutes, or regulations of the State of Iowa.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this case pursuant 28 U.S.C. § 1331 because this is a civil action in which Shamrock raises claims for relief against the IID arising under the First and Fourteenth Amendments of the United States Constitution. The Court has jurisdiction over Shamrock's related state-law claims because they form part of the same case or controversy within the meaning and intent of 28 U.S.C. § 1367(a).

17. Venue is proper in the United States District Court for the Southern District of Iowa under 28 U.S.C. § 1391(b) because a substantial part of events giving rise to Shamrock's claims occurred in this District and because all Defendants reside in this District. For purposes of Shamrock's state-law claims, venue is appropriate in this District.

## FACTUAL BACKGROUND AND NATURE OF AGENCY ACTION

18. On or about July 2, 2024, Defendants, by and through, Sullivan served Shamrock with a Warning Notice regarding Case No. 122057 (hereinafter "Notice").

19. Defendants, after conducting an investigation into Shamrock's business activities, alleged Shamrock was potentially engaged in the practice of "unlicensed public insurance adjusting" and therefore was subject to administrative and criminal sanctions if certain actions were not ceased.

20. Specifically, the Notice asserted Shamrock's actions violated Iowa Code §§ 103A.71(3) and 522C.2(7).

21. However, the Notice did not identify, with any specificity, the actions Shamrock was being accused of engaging in.

22. Further, the Notice demanded Shamrock take immediate action to cure the unidentified potential violations.

23. On or about September 5, 2024, nearly three (3) months after providing the initial Notice and only after a request from Shamrock's undersigned counsel, did Defendants provide a non-exhaustive list of alleged actions Shamrock was engaged in that had been deemed potential violations of Iowa Code §§ 103A.71(3) and 522C.2(7).

24. The list provided was not comprised of, nor did it identify, any overt acts wherein Shamrock was actually engaging in unlicensed public insurance adjusting.

25. Rather, Defendants only identified generic and negligible statements and instances of marketing found on Shamrock's affiliate websites, the contents of which included only the most trivial of information concerning various aspects of the residential contracting business.

26. While the statements and instances identified were available and provided to inform and educate the residents of Iowa, they are also available and provided to inform every resident of each state identified in paragraph 4 of the Complaint.

27. Additionally, the reviews from Iowa residents identified by Defendants as violations were all uncorroborated and even though Defendants claim Iowa residents need to be protected from Shamrock's alleged predatory business practices, all of the reviews identified praise Shamrock for the both the quality of their work and for the services they provided.

28. Perhaps most egregiously, one statement identified as a potential violation by Defendants was sourced from the personal website of Garen Armstrong, executive director of Shamrock.

29. Mr. Armstong's website details his personal and business endeavors beyond Shamrock, as an author, philanthropist, and entrepreneur.

30. Admittedly, Mr. Armstrong's website mentions Shamrock, but it is unmistakably not the type of prohibitive activity contemplated by the Iowa legislature upon the drafting of Iowa Code §§ 103A.71(3) and 522C.2(7).

## GROUNDS FOR RELIEF

31. Shamrock seeks judicial review of Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) on the grounds that it violates Shamrock's constitutional rights, misapplies the law, and misapply the facts in identifying Shamrock's actions that have been deemed violations by Defendants.

32. The aforementioned Code sections, both facially and as applied to Shamrock's conduct, infringe speech protected by the First Amendment, are void for vagueness under the Fourteenth Amendment's due process clause and also violate the corresponding provisions of the Iowa Constitution. *See* U.S. Const. amends. I, XIV, *see also* Iowa Constitution (codified) Art. 1 §§ 7, 9.

33. Iowa Code §§ 103A.71(3) and 522C.2(7), as interpreted by the Defendants, trigger First Amendment scrutiny because the business of residential contracting necessarily and inextricably involves speech and conduct.

34. Specifically, Iowa Code § 522C.2(7) regulates negotiating, advertising, soliciting, and advising, all of which involve communicative endeavors.

35. As such, Iowa Code §§ 103A.71(3) and 522C.2(7) are subject to strict scrutiny as both content-based restrictions and speaker-based restrictions.

## COUNT I: IOWA CODE §§ 103A.71 and 522C ARE UNCONSTITUTIONAL
### (First Amendment of the United States Constitution)

36. Shamrock incorporates the foregoing paragraphs as if fully set forth herein.

37. Iowa Code § 103A.71(3) provides that, "A residential contractor shall not represent or negotiate on behalf of, or offer or advertise to represent or negotiate on behalf of, an owner or possessor of residential real estate on any insurance claim in connection with the repair or replacement of roof systems, or the performance of any other exterior repair, exterior replacement, or exterior reconstruction work on the residential real estate."

38. The First Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, prohibits the enactment of laws "abridging the freedom of speech." U.S. Const. amend I. Under the First Amendment, a government "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).

39. Iowa Code § 522C.2(7) provides that, "'public adjuster' means any person who for compensation or any other thing of value acts on behalf of an insured by doing any of the following: (a.) Acting for or aiding an insured in negotiating for or effecting the settlement of a first-party claim for loss or damage to real or personal property of the insured. (b.) Advertising for employment as a public adjuster of first-party insurance claims or otherwise soliciting business or representing to the public that the person is a public adjuster of first-party insurance claims for loss or damage to real or personal property of an insured. (c.) Directly or indirectly soliciting business investigating or adjusting losses or advising an insured about first-party claims for loss or damage to real or personal property of the insured."

40. Read in conjunction, Iowa Code §§ 103A.71(3) and 522C.2(7) restrict and regulate a broad range of speech on the basis of both its content and its speaker.

41. The Code sections dictate what every person or entity engaged in the business of residential contracting can say, print, disseminate, publish, and post.

42. In doing so, the Code sections prohibit general discussions of topics that are legal, such as negotiating, advertising, soliciting, and advising.

43. Here, the violations Defendants have recognized consist of statements and posts by Shamrock which were published and disseminated on their website.

44. Accordingly, this matter involves speech and not conduct.

45. The Code sections are content-based, as they prohibit those engaged in the business of residential contracting from negotiating, advertising, soliciting, and advising on behalf of Iowa insureds as a public adjuster.

46. However, the Code sections do not prohibit those engaged in the business of residential contracting from making other types of statements on behalf of Iowa insureds, such as providing an estimate to an insurance carrier or making an informative post on their website explaining the differences between actual and replacement cost value.

47. Accordingly, the Code sections are a content-based restriction because their prohibitions are dependent on the content of communications, and they are speaker-based restrictions because their prohibitions are aimed squarely at all persons or entities engaged in the business of residential contracting.

48. As such, Iowa Code §§ 103A.71(3) and 522C.2(7) and their statutory prohibitions violate the First Amendment both facially and as applied, and amount to content-based and speaker-based restraints of free speech of not just Shamrock, but of all those engaged in the business of roofing and contracting.

49. Shamrock has been and will continue to be harmed by Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7).

WHEREFORE, Shamrock respectfully requests the Court enter an order declaring that Iowa Code §§ 103A.71(3) and 522C.2(7), both facially and as applied to Shamrock's conduct, infringe speech protected by the First Amendment and that Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) violate the First Amendment, and awarding the costs of this action and other and further relief as the Court may deem just and proper.

## **COUNT II: IOWA CODE §§ 103A.71 and 522C ARE UNCONSTITUTIONAL**
### **(Fourteenth Amendment of the United States Constitution)**

50. Shamrock incorporates the foregoing paragraphs as if fully set forth herein.

51. The Fourteenth Amendment provides that "No person shall [. . .] be deprived of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The "[v]agueness doctrine is an outgrowth of the Due Process Clause." *United States v. Williams*, 553 U.S. 285, 304 (2008). The Due Process Clause requires that a law provide sufficient guidance such that a man of ordinary intelligence would understand what conduct is being prohibited. *Johnson v. United States*, 576 U.S. 591 (2015)

52. The prohibitions codified in Iowa Code §§ 103A.71(3) and 522C.2(7) are void for vagueness because they do not provide fair and adequate notice of the conduct identified as publishable.

53. As exhibited by Defendants' initial notice and subsequent list of violations, not even they could produce an exhaustive list of conduct punishable under the Code.

54. Consequently, how could all other persons or entities engaged in the business of residential contracting, with any certainty, know what statements might trigger a violation, because the language of the Code sections is sufficiently broad such that it could encompass any routine statements made to an Iowa insured.

55. Notably absent from the violations identified by Defendants was any instance in which Shamrock held themselves out as a public insurance adjuster or as an adjuster of claims.

56. As such, Shamrock had no reason to believe they were in violation of any Code section or under any sort of monitoring or investigation.

57. Furthermore, the Defendants have drastically exceeded their mandate by classifying statements made on the personal website of a business affiliate as potential violations, further adding to the confusion of what is and who can commit a violation.

58. As such, Iowa Code §§ 103A.71(3) and 522C.2(7) and their statutory prohibitions violate the Fourteenth Amendment facially and as applied and are void as a result of their vagueness.

59. Shamrock has been and will continue to be harmed by Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7).

WHEREFORE, Shamrock respectfully requests the Court enter an order declaring that Iowa Code §§ 103A.71(3) and 522C.2(7), both facially and as applied to Shamrock's conduct, violate the Fourteenth Amendment as they do not satisfy the minimum requirements of due process and that Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) violate the Fourteenth Amendment, and awarding the costs of this action and other further relief as the Court may deem just and proper.

## COUNT III: TEMPORARY AND INJUNCTIVE RELIEF

60. Shamrock incorporates the foregoing paragraphs as if fully set forth herein.

61. Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) are unlawful.

62. Shamrock is likely to prevail on the merits in this matter.

63. The actions of Defendants have and will continue to cause irreparable harm to Shamrock for which monetary damages alone will not be an adequate remedy.

64. Granting Shamrock relief from Defendants' actions will not cause harm and the balance of the harms is substantially greater to Shamrock.

WHEREFORE, Plaintiff, Shamrock respectfully requests the Court enter an order granting temporary and permanent injunctive relief in its favor and against the Defendants by enjoining them from any further interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) that violates the First and Fourteenth Amendments, and awarding the costs of this action and other further relief as the Court may deem just and proper.

## COUNT IV: DECLARATORY ACTION

65. Shamrock incorporates the foregoing paragraphs as if fully set forth herein.

66. This Court may determine the legal rights of Shamrock in this matter pursuant to 28 U.S.C. § 2201.

67. Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) violate the First and Fourteenth Amendments.

68. If Defendants are allowed to continue to interpret and enforce Iowa Code §§ 103A.71(3) and 522C.2(7) in the manner prescribed herein it will cause significant consequences to Shamrock and other residential contractors similarly situated.

WHEREFORE, Plaintiff, Shamrock respectfully requests the Court enter an order declaring the Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) are unconstitutional, violate the First and Fourteenth Amendments and are therefore unenforceable, and awarding the costs of this action and other further relief as the Court may deem just and proper.

DATED September 25, 2024.

        Shamrock Hills, LLC d/b/a Shamrock Roofing and Construction, Plaintiff,

        By: /s/ Heather Voegele
            Heather Voegele, pro hac vice
            application forthcoming
            Voegele Anson Law, LLC
            3516 N. 163rd Plaza
            Omaha, NE 68116
            (531) 999-1857
            hvoegele@v-alaw.com

        and

        Brandon R. Underwood
        Fredrikson & Byron, P.A.
        111 East Grand Avenue, Suite 301
        Des Moines, Iowa 50309
        (515) 242-8900
        bunderwood@fredlaw.com

        Attorneys for Plaintiff.