# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SHAMROCK HILLS, LLC, a Kansas limited liability corporation d/b/a SHAMROCK ROOFING AND CONSTRUCTION,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF IOWA;<br>THE IOWA INSURANCE DIVISION;<br>DOUG OMMEN, in his official capacity as Insurance Commissioner of the Iowa Insurance Division; and<br>DAVID SULLIVAN, in his official capacity as Assistant Bureau Chief of the Iowa Insurance Division Market Regulation Bureau.<br><br>    Defendants. | Case No. 4:24-cv-340<br><br><br><br>**BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY** |

## INTRODUCTION

The Court should stay discovery until a ruling on Defendants' Motion to Dismiss is issued. On September 25, 2024, Plaintiffs filed its Complaint seeking injunctive relief requesting this court prevent Defendants from enforcing Iowa Code section 103A.71(3) and 522C.2(7). Plaintiff further requested a declaratory judgment holding that (a) both statutes infringe Plaintiff's free speech rights under the First Amendment and (b) are unconstitutionally vague under the Fourteenth Amendment. With leave of the Court, Defendants filed their dispositive, pre-answer Motion to Dismiss on January 13, 2025. As of the date of this filing, the Court's ruling on Defendants' Motion to Dismiss remains pending. On June 13, 2025, Plaintiff served Defendants with a series of discovery requests. Specifically, Plaintiff served Defendants with forty-seven (47) requests for admission, seven (7)

requests for production of documents; and four (4) interrogatories. For the reasons outlined below, the court should stay discovery in this matter pending a ruling on Defendants' Motion to Dismiss.

## ARGUMENT

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). When "considering a motion for stay, a district court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Struthers v. Ocwen Laon Services, LLC*, 2013 WL 12308089, at *2 (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997) (quotations and other citations omitted).

Federal courts may properly stay discovery proceedings pending the outcome of motions to dismiss. *See, e.g., Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) (finding no abuse of discretion for magistrate judge to stay discovery pending resolution of a party's motion to dismiss); *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 2020 WL 12918319, at *1 (S.D. Iowa 2020) ("The subpoenas were issued shortly after Aquawood filed Fed. R. Civ. P. 12(b)(6) motions to dismiss the RICO lawsuits. In view of the pendency of the motions to dismiss, by orders entered November 25, 2019, Magistrate Judge Jackson granted in part the emergency motions in the RICO lawsuits by staying discovery until further order").

Here, discovery should be stayed pending this court's ruling on the Defendants' Motion to Dismiss. Defendants have filed a dispositive, pre-answer motion, which means they would be substantially prejudiced if they are required to participate in discovery before the Court determines which claims, if any, may proceed in this matter. *See Ackelson v. Aquawood, LLC*, 2019 WL 8376267, at *2 (S.D. Iowa 2019) (granting motion to stay discovery because "conducting discovery . . . [would] be premature and may have unjust and inefficient consequences. The outcome of the pre-answer Rule

12(b) motions to dismiss by multiple defendants will have a significant impact on whether and to what extent and manner discovery will proceed in this case").

By contrast, Plaintiff would not be prejudiced by a stay of discovery because Defendants have preserved all potentially relevant material for discovery should any of Plaintiff's claims survive the Motion to Dismiss. There would be little or no prejudice to any non-moving party in delaying discovery for a short time to resolve the dispositive issues raised in the Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request the Court issue an order staying all discovery in this matter pending the Court's ruling on Defendants' Motion to Dismiss.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

*/s/ Lindsey L. Browning*
LINDSEY L. BROWNING AT0011959
Assistant Attorney General
Agency Counsel Division
1305 E. Walnut St., Second Fl.
Des Moines, IA 50319
Ph: (515) 281-3441
Fax: (515) 281-4209
Email: lindsey.browning@ag.iowa.gov

*/s/ Kevin Protzmann*
KEVIN PROTZMANN  AT0013818
Assistant Attorney General
Agency Counsel Division
1305 E. Walnut St., Second Fl.
Des Moines, IA 50319
Ph: (515) 281-6690
Fax: (515) 281-4209
Email:  kevin.protzmann@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS

Counsel of record served electronically via
CM/ECF on June 23, 2025.