UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN IOWA
CENTRAL DIVISION

| | |
|---|---|
| SHAMROCK HILLS, LLC, d/b/a Shamrock Roofing and Construction,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF IOWA; THE IOWA INSURANCE DIVISION; DOUG OMMEN, in his official capacity as Insurance Commissioner of the Iowa Insurance Division; and DAVID SULLIVAN, in his official capacity as Assistant Bureau Chief of the Iowa Insurance Division Market Regulation Bureau.<br><br>Defendants. | 4:24-cv-00340-RGE-HCA<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY |

**I.      INTRODUCTION**

Plaintiff Shamrock Hills d/b/a Shamrock Roofing and Construction ("Shamrock") sues Defendants State of Iowa, The Iowa Insurance Division, Doug Ommen, and David Sullivan (collectively "Defendants) for injunctive and declaratory relief on the grounds that Defendants' interpretation and enforcement of Iowa Code §§ 103A.71(3) and 522C.2(7) violate Shamrock's First and Fourteenth Amendment rights. Compl., ECF No. 1.

Before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Defs.' Mot. Stay Discovery, ECF No. 30. Defendants move to dismiss the Complaint on numerous grounds including immunity from suit, failure to state a claim, and failure to exhaust administrative remedies; in the alternative, Defendants ask the Court to abstain from exercising jurisdiction. Defs.' Mot. Dismiss ¶¶ 14–19, ECF No. 10. Defendants seek to stay providing responses to forty-seven requests for admission, seven requests for production, and four

interrogatories. Defs.' Br. Supp. Mot. Stay Discovery, ECF No. 30-1 at 1–2. Shamrock resists and further argues Defendants' motion should be treated as a request to amend the scheduling order. Pl.'s Resist. Defs.' Mot. Stay Discovery, ECF No. 31 at 2. Defendants did not reply. The motion to stay is considered on the papers. LR 7(c).

## II.   LEGAL STANDARD

Federal courts have broad discretion to stay proceedings, as they have broad discretion in managing their dockets. *Landis v. North. Am. Co.*, 299 U.S. 248, 253 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. "The district court's power to stay proceedings has been drawn purposefully broad and is discretionary." *Fisher Controls Co. v. Control Components, Inc.*, 443 F. Supp. 581, 581 (S.D. Iowa 1977); *see also Landis*, 299 U.S. at 254; *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). A court considers several factors when determining whether to grant a stay including: "(1) the potential prejudice to the non-moving party caused by the delay; (2) whether a stay will simplify the issues; (3) whether discovery is complete and a trial date set; and (4) the source of the governing law." *Brown v. Louisiana-Pac. Corp.*, No. 4:12-cv-00102-SMR-TJS, 2013 WL 11826550, at *1 (S.D. Iowa June 14, 2013) (footnote omitted). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

## III.   DISCUSSION

After weighing the competing interests and relevant factors, the Court in its discretion finds and concludes Defendants have not met their burden to establish the need to stay all discovery

pending the outcome of the motion to dismiss. Defendants filed the pre-answer motion to dismiss on January 13, 2025. ECF No. 10. In March 2025, after the motion to dismiss was fully briefed, the parties proposed and the Court adopted a Scheduling Order and Discovery Plan. ECF No. 22. The schedule includes deadlines for exchanging initial disclosures and expert witnesses, a discovery deadline of November 5, 2025, a dispositive motion deadline of December 7, 2025, and a bench trial set to begin June 15, 2026. *Id.* Defendants did not move to stay discovery at the time of the motion to dismiss, the scheduling conference, or the initial discovery deadlines. Instead, they waited until ten days after receiving Shamrock's discovery requests. Defendants have not sufficiently shown they will be subjected to undue burden or expense, given the time and effort the parties have already expended. Furthermore, there is not adequate time in the schedule to delay discovery or extend the dispositive motion deadline but keep the trial date. Granting Defendants' motion to stay could delay trial. A stay would not simplify the issues, either, as at least one of Defendants' arguments for dismissal is Shamrock can bring an action in state court. Defs.' Br. Supp. Mot. Dismiss, ECF No. 10-1 at 26. The governing law is not a weighty factor here. *See Brown*, 2013 WL 11826550, at *1 n.1 ("the body of law concerning whether a stay is proper in federal court generally contemplates the pendency of a state court suit, an appeal, or arbitration"). Finally, the cases on which Defendants rely are distinguishable from the facts in this case. ECF No. 30-1 at 2–3; *cf. Ballard v. Heineman*, 548 F.3d 1132, 1137–38 (8th Cir. 2008) (holding district court did not abuse its discretion in staying discovery pending motion for summary judgment); *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, No. 4:18-cv-00434-JEG-HCA, 2020 WL 12918319, at *1 (S.D. Iowa Mar. 24, 2020) (an order by the undersigned Magistrate Judge staying responses to nonparty subpoenas and discussing proceedings in other cases); *Ackelson v. Aquawood, LLC*, No. 4:19-cv-00135-RGE-SBJ, 2019 WL 8376267, at *1–2 (S.D. Iowa Nov. 25,

2019) (staying discovery before the parties submitted a proposed scheduling order and discovery plan; discussing litigation in related cases). Consequently, Defendants have failed to meet their burden of demonstrating a stay is warranted pending the outcome of the motion to dismiss.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery is **DENIED**.

The Court reminds the parties a status conference is set for August 5, 2025. The parties shall file in the docket a list of any proposed matters to be discussed during the upcoming status conference no less than **two business days** prior to the status conference. The list may be submitted jointly or separately by each party. If any party anticipates that the status conference will take longer than thirty minutes and/or would like a court reporter for the status conference, this should also be indicated in the same filing. Among the items the Court expects to discuss with counsel on August 5, 2025, is the status of discovery.

IT IS SO ORDERED.

Dated July 25, 2025.

Helen C. Adams
U.S. Magistrate Judge